UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TERRI WATSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15-CV-0287-CVE-FHM |
| | ) | |
| BNSF RAILWAY COMPANY, | ) | |
| JASON MORRIS, and | ) | |
| ROGER HONEYCUTT, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court are the following motions: Defendant Roger Honeycutt's Motion to Dismiss (Dkt. # 7); Plaintiff's Motion to Remand (Dkt. # 19); and Plaintiff's Motion to Stay Proceedings (Dkt. # 21). Defendant BNSF Railway Company (BNSF) argues that plaintiff fraudulently joined Roger Honeycutt as a party for the sole purpose of defeating diversity jurisdiction, and BNSF requests that the Court dismiss Honeycutt as a party and retain jurisdiction over this case. Plaintiff responds that she has stated a viable claim against Honeycutt and she asks the Court to remand this case to Pawnee County District Court due to a lack of subject matter jurisdiction.

**I.**

Plaintiff alleges that her husband, Paul Wayne Watson, was driving a vehicle in the eastbound direction on County Road 5200 near Hallett, Oklahoma, and he approached the intersection of County Road 5200 and County Road 36000. Dkt. # 2-1, at 4. Plaintiff and the couple's daughter, T.W., were passengers in the vehicle. Paul Watson continued to drive eastbound on County Road 5200 and he crossed onto the railroad tracks that intersect County Road 5200.

Plaintiff alleges that BNSF Railway Company (BNSF) and its roadmaster,[1] Honeycutt, were responsible for maintaining the railroad crossing, which includes the "maintenance, cutting and trimming of the trees and obstructive vegetation" near the railroad crossing. Id. at 4. Plaintiff claims that the railroad crossing was not marked with flashing lights to warn drivers of oncoming trains and that a driver was unable to see oncoming trains due to overgrown grass, shrubs, and tree limbs. Id. at 6. As Paul Watson drove across the railroad tracks, a train operated by BNSF collided with the vehicle at approximately 45 miles per hour, and plaintiff claims that the vehicle came to rest approximately 70 feet away from the railroad crossing. Id. at 5. Paul Watson died as a result of the accident, and plaintiff and T.W. suffered severe personal injuries. Id.

On April 20, 2015, plaintiff filed this case in her individual capacity, on behalf of her deceased husband, and as next friend of T.W., and she alleges that BNSF, Honeycutt, and the engineer of the train, Jason Morris, were negligent. In her petition, she states that she is seeking actual and punitive damages in excess of $10,000. The case was filed in Pawnee County District Court. Plaintiff has served BNSF and Honeycutt, but Morris has not been served. Dkt. # 2-2, at 2. The petition states that Honeycutt and Morris are citizens of Oklahoma and that BNSF is a citizen of Texas. Honeycutt filed a motion to dismiss and argued that plaintiff had failed to state a claim against him. While the motion to dismiss was pending in state court, BNSF filed a notice of removal stating that this Court has diversity jurisdiction over this case. Defendant argues that Morris is actually a citizen of Texas for the purpose of diversity jurisdiction and that Honeycutt was fraudulently joined as a party to defeat diversity jurisdiction. Plaintiff has filed a more definite

---

[1]  The parties refer to Honeycutt as a "roadmaster" for BNSF, but BNSF notes that some decisions by the Oklahoma Supreme Court refer to the same position as a "section foreman." Dkt. # 29, at 4.

statement (Dkt. # 22) admitting that she seeks damages in excess of $75,000. Plaintiff has filed a motion to remand (Dkt. # 19) and she asserts that BNSF relies on outdated law in an attempt to show that Honeycutt was fraudulently joined as a party.

**II.**

Plaintiff asks the Court to remand this case to Pawnee County District Court, because Oklahoma law is "clear" that individual employees may be joined in a suit against his employer for negligent acts committed within the scope of employment. Dkt. # 19, at 9. Plaintiff argues that she has sufficiently alleged that Honeycutt had a duty as a roadmaster for BNSF to maintain safe railroad crossings and to issue a "slow order" if he had knowledge of a potentially dangerous railroad crossing. Id. at 12. BNSF responds that Oklahoma Supreme Court precedent from the 1930s clearly establishes that a roadmaster is immune from tort liablity for railroad crossing accidents, and that precedent has not been explicitly or implicitly overturned by any subsequent decision of the Oklahoma Supreme Court. Dkt. # 29. BNSF and Honeycutt ask the Court to dismiss plaintiff's claim against Honeycutt and to find that the Court has diversity jurisdiction over this case.

The Supreme Court has recognized that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). BNSF can prove fraudulent joinder by showing that either: (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant. Slover v. Equitable Variable Life Ins. Co., 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006). If BNSF can show that the non-diverse defendant, Honeycutt, was fraudulently joined, the parties will be completely diverse

3

and the Court may exercise subject matter jurisdiction over this case. See American Nat. Bank & Trust Co. of Sapulpa, v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991) ("If, as defendant suggests, plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder."). To prove that a party has been fraudulently joined, the defendant has the burden to "demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court." Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000). When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument. Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F. 2d 879, 881-82 (10th Cir. 1967); Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964). "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." Hart, 199 F.3d at 246 (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). Although the Court can pierce the pleadings, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." Smoot, 378 F.2d at 882.

The Court must initially determine what standard of review is applicable to determine if plaintiff has some possibility of recovering against Honeycutt. Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). The majority of federal district courts to

4

consider the issue of fraudulent joinder have not applied the Twombly standard to determine if a plaintiff has shown that she can possibly recover from a defendant. See Stillwell v. Allstate Ins. Co., 663 F.3d 1329, 1333 (11th Cir. 2011); Rudzik v. Star Ins. Co., 2015 WL 1923892, *3 (D. Kan. Apr. 28, 2015); Nance v. Cal-Western Reconveyance Corp., 2015 WL 452747, *5 (C.D. Cal. Jan. 29, 2015). In Shue v. High Pressure Transports, Inc., 2010 WL 4824560 (N.D. Okla. Nov. 22, 2010), this Court found that the failure to allege a plausible claim under Twombly is a distinct and separate issue from whether plaintiff has established that she has "any possibility" of recovering against a non-diverse defendant in state court. Id. at *7. The proper test for fraudulent joinder is whether the plaintiff could state possibly state a claim against the non-diverse defendant in state court, and a case should be remanded to state court if it is possible that a plaintiff could file an amended complaint that could state a claim against the non-diverse defendant. Id.

In this case, the parties dispute whether Oklahoma law allows the plaintiff to assert a claim against Honeycutt in his capacity as an employee of BNSF. In considering whether a defendant has been fraudulently joined, a federal district court is required to resolve any uncertainties as to state law in favor of the plaintiff and a case should be remanded if there is any possibility that the state court would recognize the plaintiff's claim. Coyne v. American Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999); Kennedy v. Allstate Property & Cas. Ins. Co., 2015 WL 4111816, *7 (E.D. Pa. July 8, 2015); Manley v. Ford Motor Co., 17 F.3d 1375, 1384 (N.D. Ga. May 1, 2014). With this principle in mind, the Court will consider the parties' arguments concerning Honeycutt's potential liability to plaintiff under Oklahoma law in his capacity as a roadmaster for BNSF.

Defendant argues that the Oklahoma Supreme Court decided in 1930 that a roadmaster or section foreman has no duty to the public and cannot be held liable for negligence. In Chicago R.I.

5

& P. Ry. Co. v. Witt, 291 P. 59 (Okla. 1930), the Oklahoma Supreme Court held that a section foreman could not be held personally liable under a theory that he carelessly maintained railroad tracks or a railroad crossing, because the statute allegedly giving rise to a duty to maintain railroad crossings applied to the railroad company only, not employees of the railroad company. Id. at 62. The Tenth Circuit Court of Appeals and the United States District Court for the Western District of Oklahoma have cited Witt for the proposition that a roadmaster can be held liable only for "acts of positive wrong and negligence," rather than the mere non-performance of a duty within the scope of the roadmaster's employment. Scott v. Huffman, 237 F.2d 396, 398 (10th Cir. 1956); Killibrew v. Atchison, Topeka & Santa Fe Ry. Co., 233 F. Supp. 250, 251 (W.D. Okla. 1964). Defendant argues that Witt has not been expressly or implicitly overruled by the Oklahoma Supreme Court and that there is no federal authority interpreting Oklahoma law that would suggest that a roadmaster or section foreman can be held individually liable. Dkt. # 29, at 4-6.

Plaintiff asserts that Witt was implicitly overruled by the Oklahoma Supreme Court's decision in J.C. Penney v. Barrientez, 411 P.2d 841 (1966), and she argues that federal courts have found that railroad employees can be held individually liable based on J.C. Penney. In J.C. Penney, the Oklahoma Supreme Court held that a store manager was directly in control of the store premises when the plaintiff slipped and fell and he was in effect the owner of the store from the perspective of the plaintiff. Id. at 851. The Oklahoma Supreme Court distinguished, but did not expressly overrule, Witt and other cases involving the non-liability of railroad employees on the ground that the plaintiffs in those cases did not present evidence that the individual defendant assumed a duty or attempted to exert control over the railroad crossing. However, subsequent decisions by federal district courts have cited J.C. Penney and have declined to find that a railroad employee was

6

fraudulently joined as a party when a plaintiff has joined a non-diverse railroad employee as a party for alleged negligence committed with the scope of the non-diverse defendant's employment. Sparks v. St. Louis & San Francisco Ry Co., 366 F. Supp. 957, 959 (N.D. Okla. 1973); Thomas v. Archer, 330 F. Supp. 1181, 1183 (W.D. Okla. 1971). Sparks and Thomas do not actually find that the railroad employee could be held liable to the plaintiff, but that there was a sufficient possibility of such liability that fraudulent joinder was not established. Although Witt was distinguished in J.C. Penney, there are no subsequent decisions by the Oklahoma Supreme Court addressing whether Witt is still binding precedent or what force the J.C. Penney decision has outside of the premises liability context.

The Court finds that Oklahoma law on the subject of Honeycutt's potential liability to plaintiff is unclear, and this uncertainty as to state law requires the Court to remand this case to state court. Defendant relies on Witt and argues that Witt has not been overruled by the Oklahoma Supreme Court. However, the Tenth Circuit has stated that the Oklahoma Supreme Court "undertook to clarify the existing Oklahoma case law as to the joint liability of an employer and employee for negligence" in J.C. Penney. Smoot, 378 F.2d at 881. This suggests that the Tenth Circuit would find that J.C. Penney modified Oklahoma law concerning the liability of an individual employee for negligence in a broader context than simply premises liability cases. Faced with this uncertainty, the proper course for this Court is to resolve uncertain issues of state law in favor of plaintiff and remand the case to state court, because there is at least a possibility that plaintiff has stated a viable claim against Honeycutt. The Court declines to rule on Honeycutt's motion to dismiss, because the Court is faced with an uncertain issue of state law and the state court should be permitted to consider this issue in the first instance.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Dkt. # 19) is **granted**, and the Court Clerk is directed to **remand** this case to Pawnee County District Court. Honeycutt's motion to dismiss (Dkt. # 7) remains pending.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Stay Proceedings (Dkt. # 21) is **moot**.

**DATED** this 14th day of August, 2015.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE